**YUE YUN CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondents.**

No. 06–1977–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Craig S. Morford, United States Attorney for the Middle District of Tennessee, Jimmie Lynn Ramsaur, Assistant United States Attorney, Nashville, TN, for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Yue Yun Chen, a native and citizen of China, seeks review of a March 31, 2006 order of the BIA affirming the November 22, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yue Yun Chen,* No. A 96 486 073 (BIA Mar. 31, 2006), *aff'g* No. A 96 486 073 (Immig. Ct. N.Y. City Nov. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't*

*of Justice,* 434 F.3d 144, 158–60 (2d Cir. 2006) (avoiding remand in spite of deficiencies in an adverse credibility determination because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Chen challenges the IJ's decision to pretermit her asylum application because her application was not filed within 1 year. 8 U.S.C. § 1158(a)(2)(B). However, Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excuse the application's untimeliness. While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and questions of law, Chen challenges only factual determinations and the agency's exercise of discretion. Therefore, the Court lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006).

■ Although the IJ determined that Chen failed to file her asylum application within one-year of her arrival in the United States, he made alternative findings with regard to Chen's application for asylum relief. Since the only evidence of a threat to Chen's life or freedom depended upon her credibility and Chen relied on the same set of facts for all of her claims, any adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275–76 (2d Cir.2003). In this case, the agency reasonably denied Chen's withholding of removal and CAT claims based on an adverse credibility finding because Chen's testimony was substantially inconsistent with information contained in two letters, one from Chen's neighbor and the other from her father. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Because these inconsistencies were material to Chen's claim for relief, the agency's findings are supported by substantial evidence in the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).